UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHANIE RYAN,

                              *Plaintiff*,

      v.

COMMUNITY BASED SERVICES, INC.,

                              *Defendant*.

No. 24-CV-2801 (KMK)

ORDER & OPINION

---

Appearances:

Victoria Spagnolo, Esq.
The NHG Law Group, P.C.
Massapequa, NY
*Counsel for Plaintiff*

Eric Callahan, Esq.
Sajeeve Kumar DeSoyza, Esq.
Bond, Shoeneck & King, PLLC
Albany, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Stephanie Ryan ("Plaintiff") brings this Action against Community Based Services, Inc., ("CBS" or "Defendant"), alleging interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (*See generally* Am. Compl. (Dkt. No 16).) Before the Court is Defendant's Motion to Dismiss (the "Motion"). (*See* Not. of Mot. (Dkt. No. 26).) For the reasons discussed below, the Motion is denied.

I. Background

A. Materials Considered

Defendant attaches documents to its motion: a December 22, 2023, email from Human Resources Manager Nancy Lopes ("Lopes") to Plaintiff and a letter dated the same day sent by certified mail that included FMLA paperwork. (*See* Decl. of Nancy Lopes, Ex. A (Dkt. No. 26-2); *id.* at ECF 2 ("Dec. 22 Email"); *id.* at ECF 3 ("Dec. 22 Ltr."); *id.* at ECF 4–11 ("FMLA Paperwork").) Defendant argues that the Court should consider these documents because they are referenced in and integral to the Amended Complaint. (*See* Def's Mem. in Supp. ("Def's Mem.) (Dkt. No. 26-5) 9–11.) Plaintiff argues that the Court should decline to consider the documents. (*See* Pl's Mem. in Opp. ("Pl's Opp.") (Dkt. No. 27) 8–12.)

"'When considering a motion to dismiss, the Court's review is confined to the pleadings themselves,' because 'to go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 56.'" *Watson v. New York*, No. 22-CV-9613, 2023 WL 6200979, at *1 (S.D.N.Y. Sept. 22, 2023) (alterations adopted) (quoting *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002)). Nevertheless, the Court may consider documents of which it "may take judicial notice[] and any written document that is (1) 'attached to [the complaint] as an exhibit,' (2) 'incorporated in it by reference,' or (3) 'integral to the complaint.'" *Kalia v. City Coll. of N.Y.*, No. 22-CV-7508, 2025 WL 522544, at *4 (S.D.N.Y. Feb. 18, 2025) (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 59–60 (S.D.N.Y. 2010)); *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may consider "documents incorporated into the complaint by reference" (internal quotation marks and citation omitted)). "[A] court cannot consider extrinsic evidence if there is a dispute regarding the

authenticity of accuracy of the document or the relevance of the document to the disputed." *Doe 1 v. County of Rockland*, No. 21-CV-6751, 2025 WL 945873, at *3 (S.D.N.Y. Mar. 28, 2025) (internal quotation marks omitted) (quoting *Hunter v. Kaufman Enters., Inc.*, No. 09-CV-5540, 2011 WL 3555809, at *4 n.4 (E.D.N.Y. Aug. 8, 2011)).

The Amended Complaint makes "clear, definite[,] and substantial reference" to the documents such that they are incorporated by reference. *Cf. Tyson v. Town of Ramapo*, No. 17-CV-4990, 2019 WL 1331913, at *2 (S.D.N.Y. Mar. 25, 2019) (finding that two letters were incorporated by reference where they were cited and discussed in the operative complaint, and they "relate[d] to [the plaintiff's] termination, which [was] a matter at the core of th[e] case"). (*See* Am. Compl. ¶ 22 (noting that "Lopes preemptively provided Plaintiff with FMLA paperwork"); *id.* ¶ 36 (noting that Plaintiff "gave [her father's] cardiologist the FMLA paperwork given to her by Lopes").) Here, Plaintiff's communications with representatives of Defendant and her alleged failure to timely provide the necessary FMLA paperwork are core to the Action such that the documents are integral to the Amended Complaint. *See Mora v. N.Y. State Unified Ct. Sys.*, No. 22-CV-10322, 2023 WL 6126486, at *2 n.5 (S.D.N.Y. Sept. 19, 2023) (finding that documents were integral to the complaint because the plaintiff's allegations "concern[ed]" the documents in question (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002))). Plaintiff argues that these are "mere references" that are not "substantive." (Pl's Opp. 8.) On the contrary, the Amended Complaint repeatedly and substantively references the "FMLA paperwork." (*See* Am. Compl. ¶¶ 22, 23, 36, 61.)

While Plaintiff disputes the date by which the FMLA paperwork needed to be returned, (Pl's Opp. 11), that does not go to the documents' accuracy and relevancy. Plaintiff does not dispute that the documents are facially accurate (i.e., that the documents are what they say they

3

are). Plaintiff's argument that the FMLA paperwork's deadline for return was a "placeholder date and therefore . . . not relevant to the dispute at issue" is confounding. (*Id.* 12.) It is unclear to the Court how Plaintiff's obligations with respect to the FMLA paperwork could possibly be irrelevant to her FMLA claims. At bottom, Plaintiff's concerns about the Court's consideration of these documents are addressed by the simple fact that, at this stage, the Court "may consider these documents for the fact that they exist, but not for the truth of the matters asserted therein." *Labossiere v. Baxter*, No. 21-CV-10538, 2025 WL 887623, at *2 (S.D.N.Y. Mar. 21, 2025); s*ee also Ferranti v. Arshack, Hajek & Lehrman PLLC*, No. 20-CV-2476, 2021 WL 1143290, at *3 (S.D.N.Y. Mar. 24, 2021) ("The [c]ourt may take judicial notice of a document filed before another court and may consider such documents for the fact that they exist, but not for the truth of the matters asserted therein.") (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007))), *appeal withdrawn*, No. 21-CV-1245, 2021 WL 3575023 (2d Cir. June 23, 2021); *Hutchins v. Solomon*, No. 16-CV-10029, 2018 WL 4757970, at *7 (S.D.N.Y. Sept. 29, 2018) (taking judicial notice of filings in a court case submitted by a party "only to establish the fact of such filings and what they contained, not for the truth of the matter asserted therein" (citation omitted)).

B.  Factual Background

The following facts are drawn from Plaintiff's Complaint and are assumed to be true for the purpose of resolving the instant Motion. *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024).

Plaintiff is a New York resident. (Am. Compl. ¶ 4.) Defendant is a not-for-profit business that provides "adults and children with disabilities with assisted living sites and community-based services to promote personal growth and independence." (*Id.* ¶¶ 5, 7.)

Plaintiff was hired by Defendant in September 2022 as a House Supervisor, a position

she held while working at a CBS residence in Goldens Bridge, NY, and from Plaintiff's home in Brewster, NY. (*Id.* ¶¶ 8–9.) Plaintiff was qualified for her position, performed her job duties satisfactorily, and never received a negative performance review. (*Id.* ¶¶ 11–13.) Defendant is a covered employer within the meaning of the FMLA and employed Plaintiff for a least one year prior to the incident in question, during which she worked at least 1,250 hours. (*See id.* ¶¶ 14–17.)

In early December 2023, Plaintiff's father had a heart attack and was hospitalized. (*Id.* ¶ 18.) On December 20 and 21, 2023, Plaintiff notified her supervisor, Keith Segalini ("Segalini"), Director of Residential Services, and Nancy Lopes ("Lopes"), Human Resources Manager, that she might have to take leave to care for her father as she was the only relative that was willing and able to do so. (*Id.* ¶¶ 20–21.) Plaintiff and Lopes discussed Plaintiff taking FMLA leave and Lopes provided Plaintiff with FMLA paperwork. (*Id.* ¶ 22.) At this time, Lopes did not inform Plaintiff of a date by which Plaintiff needed to submit the paperwork, that Plaintiff needed medical certification, or the consequences of failing to provide a medical certification. (*Id.* ¶¶ 23, 25.) On December 23, 2023, Plaintiff's father's condition worsened and he was released from the hospital. (*Id.* ¶ 26.) On December 31, 2023, Plaintiff explicitly requested FMLA leave to care for her father. (*Id.* ¶ 27.)

At the beginning of January 2024, Plaintiff's requested time off ("RTO") and paid sick leave days were replenished. (*Id.* ¶ 30.) Plaintiff was required by CBS policy to exhaust her RTO and sick leave days before taking FMLA leave; Segalini approved Plaintiff's multiple requests throughout January to use her RTO and paid sick leave days. (*Id.* ¶¶ 31, 38.) Segalini did not object to Plaintiff's use of her RTO and paid sick leave days. (*Id.* ¶ 32.) On January 4, 2024, Lopes left Plaintiff a voicemail indicating she wished to discuss Plaintiff's father. (*Id.*

¶ 33.) On or about January 4, 2024, Plaintiff returned Lopes' call and told her that she could provide an update after a January 9, 2024, appointment with her father's cardiologist. (*Id.* ¶ 34.)

On January 9, 2024, Plaintiff accompanied her father to an appointment with his cardiologist. (*Id.* ¶ 35.) Plaintiff gave the cardiologist a medical certification to complete and return to Plaintiff. (*Id.* ¶ 36.)

In January 2024, "CBS underwent a state audit." (*Id.* ¶ 39.) On January 11, 2024, Defendant's Chief Operating Officer Paulette Sladkus instructed Plaintiff to put an "out of office" notice on her CBS email and to notify the families of the individuals she cared for that Plaintiff would be taking leave. (*Id.* ¶ 40.) Despite being on leave, Plaintiff "cooperated in the inspection" related to the state audit, responded to work-related emails and text messages, and conducted her regular payroll duties. (*Id.* ¶¶ 41–42.) At some point in January 2024, Defendant cut off Plaintiff's CBS email access. (*Id.* ¶ 43.)

On January 29, 2024, Plaintiff received a call from Latoya Hopkins ("Hopkins"), Director of Human Resources and Talent Development, stating that Plaintiff was terminated as of January 26, 2024, for taking unauthorized leave. (*Id.* ¶ 46.) Hopkins informed Plaintiff that Lopes had sent emails to Plaintiff's personal email, which Plaintiff had not used in years. (*Id.* ¶¶ 47–48.) Upon checking her personal email, Plaintiff found two letters, both of which had also been sent by certified mail, but which Plaintiff alleges she never received. (*Id.* ¶¶ 50, 53, 57.) The January 22, 2024, letter, requested that Plaintiff submit her FMLA forms by January 26, 2024, and notified Plaintiff that she must return to work by January 29, 2024, if her FMLA forms were not submitted on time. (*Id.* ¶¶ 51–52.) The January 26, 2024, letter noted that Plaintiff had not responded to the January 22, 2024, letter or "Lopes' numerous emails." (*Id.* ¶ 55.) Plaintiff

6

understands this letter to suggest that Plaintiff's actions had been deemed a resignation. (*Id.* ¶ 56.)

Plaintiff informed Hopkins that she had conducted payroll duties on January 28 and 29, 2024. (*Id.* ¶ 59.) Hopkins said that CBS would compensate Plaintiff for work on these days. (*Id.* ¶ 60.) On February 2, 2024, Plaintiff received a completed medical certification from her father's cardiologist by mail. (*Id.* ¶ 61.)

B. Procedural Background

On April 12, 2024, Plaintiff initiated this Action. (*See* Compl. (Dkt. No. 1).) On September 5, 2024, pursuant to the Parties' stipulation, (Dkt. No. 15), Plaintiff filed her Amended Complaint, (*see* Am. Compl.). On October 24, 2024, the Court adopted a briefing schedule. (*See* Dkt. No. 25.)

On December 4, 2024, Defendant filed the instant Motion. (*See* Def's Mem.) On December 23, 2024, Plaintiff filed her Opposition. (*See* Pl's Opp.) On January 6, 2025, Defendant filed its Reply. (*See* Def's Reply Mem. in Supp. ("Def's Reply") (Dkt. No. 28).)

II. Discussion

A. Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint

suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. However, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in

documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B.  Analysis

Plaintiff asserts claims for FMLA interference and retaliation.  (Am. Compl. ¶¶ 63–84.)

1.  FMLA Interference

To establish an FMLA interference claim, "a plaintiff need only prove that an 'employer in some manner impeded the employee's exercise of his or her rights' protected . . . by the FMLA." *Crosby v. Stew Leonard's Yonkers LLC*, 695 F. Supp. 3d 551, 576 (S.D.N.Y. 2023) (alteration adopted) (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 176 (2d Cir. 2006)).

> To demonstrate a claim of FMLA interference, a plaintiff must establish that: (1) [s]he is an eligible employee under the FMLA; (2) the defendant is an employer as defined by the FMLA; (3) the plaintiff was entitled to take leave under the FMLA; (4) the plaintiff gave the employer notice of . . . her intention to take leave; and (5) the plaintiff was denied benefits to which [s]he was entitled under the FMLA.

*Williams v. Westchester Med. Ctr. Health Network*, No. 21-CV-3746, 2025 WL 903757, at *18 (S.D.N.Y. Mar. 25, 2025) (quotation marks omitted) (citations omitted); *see also Patel v. NYU Langone Hosps.*, No. 20-CV-112, 2021 WL 4852426, at *3 (2d Cir. Oct. 19, 2021) (summary order) (applying the same five-factor test); *Rivera v. Target Corp.*, No. 24-CV-6965, 2025 WL 1616863, at *6 (S.D.N.Y. June 6, 2025) (noting that the Second Circuit formally adopted the standard in *Graziado v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016)).  "[A]n employer can violate the FMLA merely by interfering with the employee's benefits under the FMLA without actually denying the employee's request for those benefits." *Kemp v. Regeneron Pharms., Inc.*, 117 F.4th 63, 69 (2d Cir. 2024).

Defendant does not dispute the first three elements but does dispute that Plaintiff gave notice of FMLA leave. (*See* Def's Mem. 6–7.)[1]

In order to establish the fourth element, all that is required is that "an employee has provided sufficient notice to his employer if that notice indicates reasonably that the FMLA may apply," and, in fact, the employee "need not expressly assert rights under the FMLA or even mention the FMLA." *Coutard v. Mun. Credit Union*, 848 F.3d 102, 111 (2d Cir. 2017) (citations omitted); *see also Neron v. Amedisys Holding, LLC*, No. 22-CV-469, 2024 WL 1072578, at *6 n.2 (D. Conn. Mar. 12, 2024) (discussing the standard from *Coutard*). A plaintiff is "not required to provide [d]efendants with a formal request in order to be protected against FMLA interference." *Williams*, 2025 WL 903757, at *21.

Plaintiff alleges that she notified Segalini and Lopes that her father was ill and that she and Lopes discussed Plaintiff's taking leave under the FMLA and that Lopes provided Plaintiff with FMLA paperwork. (*See* Am. Compl. ¶¶ 20–22; FMLA Paperwork.) Plaintiff further alleges that it was initially unclear if and when she would take FMLA leave. (Am. Compl. ¶ 24.)

---

[1] Defendant also asserts that Plaintiff fails to establish the fifth element of a FMLA interference claim. (*See* Def's Mem. 9 ("The Amended Complaint Does Not Plead a FMLA Interference Claim's Fourth and Fifth Prima Facie Elements[.]").) In its review of Defendant's materials, however, the Court does not see any cogent substantive argument concerning the fifth element of a FMLA interference claim. (*See generally* Def's Mem.; Def's Reply.) Instead, Defendant hangs its entire argument on Plaintiff's failure to timely return a medical certification and FMLA paperwork. (*See* Def's Mem. 9–14.) Indeed, Defendant's argument as to the fifth element boils down to: Plaintiff has not met the fourth element, so she necessarily fails to meet the fifth. (*See id.* 8, 12.) This is a risky argument, because if Defendant fails on the fourth element, it essentially concedes the fifth. As the Court discusses below, this is exactly the case here, and while there may well be a winning argument available to Defendant, the Court declines to "'make a party's arguments for it or fill in the blanks on that party's behalf' where briefing is inadequate." *United States ex rel. Taylor v. GMI USA Corp.*, 774 F. Supp. 3d 645, 672 (S.D.N.Y. 2025) (quoting *Bey v. State of New York*, No. 11-CV-3296, 2013 WL 3282277, at *6 (E.D.N.Y. June 25, 2013)).

Finally, Plaintiff alleges that she formally requested FMLA leave on December 31, 2023. (*Id.* ¶ 27.) Drawing all inferences in Plaintiff's favor, Plaintiff has plausibly alleged that she put Defendant on notice that the FMLA may apply. *See Williams*, 2025 WL 903757, at *21 (finding notice sufficiently pled where plaintiff alleged "he always kept his supervisors in the loop about the basis of his sick day usage." (quotation marks omitted)); *Barra v. Edward D. Jones & Co., L.P.*, No. 23-CV-5844, 2025 WL 1114183, at *3 (S.D.N.Y. Apr. 15, 2025) (finding notice sufficiently pled where, "as alleged in the pleadings, there can be no dispute that [p]laintiff gave notice that reasonably indicated that the FMLA may apply").

Defendant argues that Plaintiff did not meet her FMLA notice obligations because Plaintiff did not timely return the requested FMLA paperwork, specifically the medical certification to be filled out by Plaintiff's father's cardiologist. (*See* Def's Mem. 12.) "An employer may require that an employee's leave to care for the employee's covered family member with a serious health condition . . . be supported by a certification issued by the health care provider of . . . the employee's family member." 29 C.F.R. § 825.305(a). The certification must be provided to the employer "within 15 calendar days after the employer's request, unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts or the employer provides more than 15 calendar days to return the requested certification." *Id.* § 825.305(b). Here, drawing all inferences in Plaintiff's favor, the Court finds that Plaintiff engaged in sufficiently diligent, good faith efforts to complete the certification when she gave the certification to her father's cardiologist on January 9, 2025. (*See* Am. Compl. ¶ 36.) *See Crawford v. Bronx Cmty. Coll.*, No. 22-CV-1062, 2024 WL 3898361, at *8 (S.D.N.Y. Aug. 21, 2024) (finding a FMLA interference claim plausibly alleged where plaintiff's diligent, good faith efforts to timely submit the certification included providing the forms to the hospital

11

and "immediately" emailing the forms to her employer upon receipt of the forms from the hospital); *cf. Porter v. Potter*, No. 07-CV-124, 2010 WL 9047894, at *10 (E.D.N.Y. Jan. 21, 2010), *aff'd sub nom. Porter v. Donahoe*, 484 F. App'x 589 (2d Cir. 2012) (granting summary judgment to employer on FMLA interference claim where the court found that plaintiff did not engage in diligent, good-faith efforts to timely return certification where "plaintiff repeatedly submitted the same incomplete certification, despite being notified of its deficiencies").[2] Accordingly, because the Court finds that Plaintiff has alleged facts that plausibly satisfy this element and Defendant does not mount any other distinct substantive arguments against this claim, *see supra* n.1, the Motion is denied on Plaintiff's FMLA interference claim.[3]

---

[2] Defendant also attacks the sufficiency of allegations as to the notice element by arguing that Plaintiff's failed to allege that she "notified [Defendant] of the anticipated duration of her absence." (Def's Mem. 14.) The Court notes that the statutory language requires that an employee provide "the anticipated duration of the absence, *if known*." 29 C.F.R. § 825.302(c) (emphasis added); *see id.* § 825.303(c) (same). The cases that Defendant cites are inapposite—in *Roff v. Low Surgical & Medical Supply, Inc.*, No. 03-CV-33655, 2004 WL 5544995 (E.D.N.Y. May 11, 2004), the plaintiff never informed her employer as to her ailing mother's condition *or* the duration of her leave, making it impossible for her employer to know whether the leave request was for a "serious health condition," *id.* at *10, and neither *Mehta v. City of New York*, No. 19-CV-3857, 2022 WL 280460 (E.D.N.Y. Jan. 31, 2022), nor *Miller v. Venator Group, Inc.*, No. 00-CV-454, 2000 WL 648186 (S.D.N.Y. May 18, 2000), involves any discussion of an employee's failure to provide the anticipated duration of FMLA leave.

[3] Defendant argues that the Court's consideration of the documents it appends to its briefing precludes a finding that the Amended Complaint pleads any FMLA claim. (*See* Def's Mem. 11–12.) Specifically, Defendant points to the date of the email, December 22, 2023, and Lopes' email stating that Plaintiff's father's medical certification should be returned by January 6, 2023. (*See id.*; Dec. 22 Email.) The Court does not agree with Defendant that this material is "inconsistent" with Plaintiff's allegations. (*See* Def's Mem. 12.) Rather, Lopes notes in the email itself that Plaintiff was "not sure if [she] will need to [take FMLA leave]" and that, if Plaintiff did decide to take leave, Lopes would have to "change the dates for the Certification for [Plaintiff's] dad's doctor." (Dec. 22 Email.) This is not inconsistent with Plaintiff's allegations that Plaintiff did not know if/when she would take FMLA leave, (Am. Compl. ¶ 24), and that Lopes did not give her any hard deadlines, (*id.* ¶ 23). The Court agrees that the December 22, 2023, email from Lopes to Plaintiff does discuss a certification and that that is inconsistent with Plaintiff's allegation that "Lopes did not mention to Plaintiff the need for a medical

2. FMLA Retaliation

"FMLA retaliation claims are [] analyzed under the *McDonnell Douglas* framework." *Hamilton v. Siemens Healthcare Diagnostics, Inc.*, No. 23-CV-7408, 2025 WL 863572, at *14 (S.D.N.Y. Mar. 18, 2025) (citing *Crosby*, 695 F. Supp. 3d at 574).

> To establish a prima facie case of FMLA retaliation, a plaintiff must establish that 1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for [her] position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.

*Graziadio*, 817 F.3d at 429 (alteration adopted) (quoting *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 147 (2d Cir. 2012)). Where a plaintiff alleges multiple adverse acts, "the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently 'substantial in gross' as to be actionable." *Smith v. N. Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 512 (E.D.N.Y. 2018) (quoting *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010)); *Crosby*, 695 F. Supp. 3d at 574 (same). "[T]he standard for an adverse employment action in retaliation claims is considerably broader than the standard for discrimination claims." *Vaughn v. City of New York*, No. 06-CV-6547, 2010 WL 2076926, at *14 (E.D.N.Y. May 24, 2010). But-for causation is not required under the FMLA. *See Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 169 (2d Cir. 2017). An inference of retaliatory intent in the FMLA context can be shown when "a causal connection exists between the plaintiff's protected activity and the adverse action taken by the

---

certification[.]" (*Compare* Dec. 22 Email *with* Am. Compl. ¶ 25.) However, this "documentary evidence does not trump [] [P]laintiff's contrary factual allegations." *Jacobson v. Conflict Int'l, Inc.*, No. 22-CV-10177, 2024 WL 1348863, at *7 (S.D.N.Y. Mar. 29, 2024) (quoting *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 512 (S.D.N.Y. 2012)). In any case, this supposedly inconsistent allegation is of no consequence, as the Court has found that the Amended Complaint otherwise plausibly alleges that Plaintiff diligently and in good faith made efforts to complete the certification.

employer," which can manifest from "very close" temporal proximity between the protected activity and adverse action. *Donnelly*, 691 F.3d at 152 (quotation marks and citation omitted) (alteration adopted).

Defendant argues that Plaintiff has failed to meet the first element of her FMLA retaliation claim because she did not provide adequate notice and because she failed to timely return necessary paperwork. (*See* Def's Mem. 15–16.) As discussed above, the Court has found that Plaintiff has plausibly alleged that she did provide adequate notice and her failure to provide the necessary certification falls into a statutory exception. *See supra* Section II.B.1. Accordingly, because Defendant raises no further arguments as to this point, and drawing all inferences in Plaintiff's favor, the Court finds that Plaintiff has made the requisite showing that she plausibly exercised rights protected under the FMLA. *See Ottley-Cousin v. MMC Holdings, Inc.*, No. 16-CV-577, 2019 WL 1994488, at *17 (E.D.N.Y. May 6, 2019) ("In order to exercise rights protected under the FMLA, an employee must request FMLA leave due to a qualifying illness or condition." (quoting *Wahl v. County of Suffolk*, 466 F. App'x 17, 20 (2d Cir. 2012))); *Bruno v. Sonalysts, Inc.*, No. 01-CV-1501, 2004 WL 2713239, at *7 (D. Conn. Nov. 23, 2004) (finding that plaintiff "availed herself of protected rights under the FMLA" when she "inquired about taking FMLA leave and about acquiring leave forms"); *cf. Amley v. Sumitomo Mitsui Banking Corp.*, No. 19-CV-3777, 2021 WL 4429784, at *12 (S.D.N.Y. Sept. 27, 2021) ("A plaintiff fails to exercise rights protected under the FMLA when the employee does not . . . invoke the FMLA." (quoting *Hahn v. Office & Prof Emps. Int'l Union, Local 153*, No. 13-CV-946, 2016 WL 4120517, at *5 (S.D.N.Y. July 22, 2016))).[4]

---

[4] Defendant argues that Plaintiff concedes that her leave from January 1 to 26, 2024, was not FMLA leave, and so Plaintiff has failed to meet the first element of a FMLA retaliation

14

Defendant does not dispute that Plaintiff was qualified for her position or that Plaintiff's termination could qualify as an adverse employment action. (*See* Def's Mem. 16.) Rather, Defendant argues that Plaintiff has failed to plead an inference of retaliatory intent because temporal proximity between the adverse action and exercise of FMLA rights is insufficient to establish an inference of retaliatory intent. (*Id.*) In support, Defendant cites *Brown v. The Pension Boards*, 488 F. Supp. 2d 395, 410 (S.D.N.Y 2007). (*Id.*) This case is inapposite, first because it concerns a FMLA retaliation claim at summary judgment and second because it analyzes temporal proximity as it relates to a FMLA retaliation claim at the pretext stage and not at the prima facie stage. *See Brown*, 488 F. Supp. 2d at 410. At this stage of litigation, the question is whether Plaintiff has carried her prima facie burden. *See Thorpe v. Delta Air Lines, Inc.*, No. 24-CV-1089, 2024 WL 5007423, at *5 (E.D.N.Y. Dec. 6, 2024) (noting, when discussing a FMLA retaliation claim on a motion to dismiss, that plaintiff has a "minimal" burden in establishing his prima facie case). Here, Plaintiff notified Defendant of the possibility of taking FMLA as early as December 20, 2023, (Am. Compl. ¶ 20), and explicitly requested FMLA leave on December 31, 2023, (*id.* ¶ 27). Plaintiff was terminated as of January 26, 2024. (*Id.* ¶ 46.) The gap of approximately one month between the exercise of FMLA rights and the adverse action is clearly sufficient to establish an inference of retaliatory motive.[5] *See Marshall*

---

claim. (*See* Def's Reply 9.) The Court has found, however, that Plaintiff's exercise of rights protected by the FMLA was her giving notice that she may take FMLA leave and her invoking FMLA leave on December 31, 2023, and not Plaintiff's actually taking FMLA leave.

[5] Defendant argues that the alleged restriction of Plaintiff's work email does not constitute an adverse action. (*See* Def's Mem. 17.) Because the Court finds that Plaintiff has plausibly alleged a FMLA retaliation claim based on her termination as an adverse action, it declines to address whether the restriction of work email can independently support a FMLA retaliation claim.

15

*v. Westchester Med. Ctr. Health Network*, No. 22-CV-7990, 2024 WL 665200, at *6 (S.D.N.Y. Feb. 16, 2024) (finding that temporal proximity of one month "sufficient to give rise [to] an inference of retaliatory intent" (citing *Treglia v. Town of Manlius*, 313 F.3d 713, 721 (2d Cir. 2002))); *Blake v. Recovery Network of Programs, Inc.*, 655 F. Supp. 3d 39, 47 (D. Conn. 2023) (finding a "gap of less than four weeks . . . sufficient to survive a motion to dismiss"); *cf. Seitz v. New York State*, No. 18-CV-4149, 2019 WL 4805257, at *11 (E.D.N.Y. Sept. 30, 2019) ("There is no firm outer limit to the temporal proximity required, but most courts in the Second Circuit have held that a lapse of time beyond two or three months will break the causal inference." (citing *Walder v. White Plains Bd. of Educ.*, 738 F. Supp. 2d 483, 503–04 (S.D.N.Y. 2010)). Accordingly, because the Plaintiff has plausibly alleged a prima facie case, the Motion on Plaintiff's FMLA retaliation claim is denied.

## III. Conclusion

For the reasons set forth above, the Motion is denied. The Clerk of the Court is respectfully directed to terminate the Motions. (Dkt. Nos. 22 and 26.) The Court will hold a telephonic status conference on October 3, 2025, at 12:00 PM. Dial-in information can be found in the Court's Individual Rules.

SO ORDERED.

Dated:   September 23, 2025
        White Plains, New York

KENNETH M. KARAS
United States District Judge